UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAZSMINE ARIELLE JOSEPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 7:22-cv-00809-ACA-JHE |
| ) | |
| WARDEN KIMBERLY NEELY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Jazsmine Arielle Joseph filed a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 4). The magistrate judge entered a report recommending that the court grant the respondent's motion for summary judgment and dismiss the petition without prejudice. (Doc. 11). Specifically, the magistrate judge concluded that Ms. Joseph's claims that prison officials have denied her access to email and video visits based on her race and conviction challenge the conditions of her confinement and are not cognizable under 28 U.S.C. § 2241. (*Id.*). Ms. Joseph has filed objections to the magistrate judge's report and recommendation. (Doc. 14).

Ms. Joseph maintains that her claims concerning her lack of access to email and video visits do not challenge her conditions of confinement and are therefore cognizable in a habeas action under 28 U.S.C. § 2241. (Doc. 14 at 1–3). Ms. Joseph acknowledges that she does not seek immediate or speedier release from prison but argues

consideration of her claims will "spell out immediate release" based on prison officials' "racism" or their commission of an "intentional hate crime." (*Id.* at 2). Ms. Joseph's arguments misconstrue the law. Because Ms. Joseph's access to email or video visits would not entitle her to an immediate or speedier release from custody, her claims are not cognizable in a habeas action under 28 U.S.C. § 2241. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that where success in the action would not "necessarily spell immediate or speedier release" for the prisoner, the remedy is not within "the core of habeas corpus") (cleaned up).

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **WILL GRANT** the respondent's motion for summary judgment and **WILL DISMISS** this action **WITHOUT PRJEUDICE**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 10, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE